In the Matter of WARREN L. BOULANGER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 11, 1985

### APPEARANCES OF COUNSEL

*Gary L. Casella* for petitioner.

*Jerome S. Shulman, P. C.,* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by the Appellate Division of the Supreme Court, Third Judicial Department, on October 27, 1952. In this proceeding to discipline him for professional misconduct, petitioner moves to confirm the report of the Special Referee and respondent submits a memorandum in opposition to said motion.

The Special Referee sustained four charges of professional misconduct against respondent. The first charge alleged that respondent had been convicted of "serious crimes" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7, a section of the rules of this court, in that, on September 29, 1982, he was found guilty in the United States District Court for the Southern District of New York of three counts of violating 26

USC § 7201, and 18 USC § 2, to wit, attempting to evade payment of income taxes for the calendar years 1975, 1976 and 1977. On November 18, 1982, respondent was sentenced on the first and second counts to concurrent terms of one year imprisonment, of which execution of nine months of that imprisonment was suspended, and as to the third count, imposition of sentence was suspended, and the respondent was placed on three years' probation and ordered to serve 200 hours per year for the three-year period in some community service project. The second charge alleged that the aforementioned conviction was based, *inter alia,* on respondent's conversion and embezzlement of funds in excess of $135,000 from an aged, incapacitated client who had given respondent a general power of attorney. The third charge involved respondent's filing a false financial affidavit in the course of his own matrimonial action. The fourth charge alleged that respondent failed to maintain a duly constituted escrow account and commingled clients' funds with personal funds.

After reviewing all of the evidence, we are in full agreement with the findings contained in the report of the Special Referee. Respondent is guilty of the misconduct described above. Petitioner's motion to confirm the referee's report is granted.

Respondent is adjudged guilty of serious professional misconduct. He is therefore disbarred from the further practice of law and his name is ordered removed from the roll of attorneys and counselors-at-law, effective forthwith.

MOLLEN, P. J., TITONE, MANGANO, GIBBONS and THOMPSON, JJ., concur.